UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON. SC

2007 OCT 18 P 2: 1

Edgar Joseph Birch, FL #068486    )    C/A No. 2:07-3206-GRA-RSd
formerly SCDC #085145;            )
                                  )
                 Petitioner,      )    Report and Recommendation
                                  )
vs.                               )
                                  )
Warden, Okaloosa Correctional     )
     Institution,                 )
                                  )
                 Respondent.      )
                                  )

Petitioner, Edgar Joseph Birch (Petitioner), is a state

prisoner in Okaloosa Correctional Institution, Crestview,

Florida. Petitioner, proceeding *pro se*, seeks federal habeas

relief under 28 U.S.C. § 2254. Pursuant to the provisions of  28

U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the

undersigned is authorized to review such petitions for relief and

submit findings and recommendations to the District Court.

## Standard of Review

Under established local procedure in this judicial district,

a careful review has been made of the *pro se* petition filed in

this case. The review was conducted pursuant to the procedural

provisions of the Rules Governing Habeas Corpus Cases Under

Section 2254 and the Anti-Terrorism and Effective Death Penalty

Act (AEDPA) of 1996, and in light of the following precedents:

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490

U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972);

*Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th

Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983);
*Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is
required to construe *pro se* petitions liberally. Such *pro se*
petitions are held to a less stringent standard than those
drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151
(4th Cir.1978), and a federal district court is charged with
liberally construing a petition filed by a *pro se* litigant to
allow the development of a potentially meritorious case. *See
Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319
(1972). Even under this less stringent standard, however, the
petition submitted in the above-captioned case is subject to
summary dismissal. The requirement of liberal construction does
not mean that the Court can ignore a clear failure in the
pleading to allege facts which set forth a claim currently
cognizable in a federal district court. *See Weller v.
Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background and Discussion</u>

Petitioner challenges a November 8, 1976 conviction in
Pickens County for armed robbery, on the theory that his guilty
plea was uncounseled. After pleading guilty, Petitioner was
sentenced to a 21-year incarceration. Petitioner did not make a
direct appeal. Rather, he escaped from prison, was recaptured,
escaped again, and was apprehended in Florida on unrelated
charges, where he was sentenced to a life term, from which he was

2

paroled June 4, 2002.  Petition at 16.  He was then transported
back to South Carolina to face the escape charges.  Petition at
17.  It was then determined by authorities that his Pickens
County sentence for armed robbery had not been served.
Petitioner filed a petition under 28 USC § 2241 on January 30,
2003, which was dismissed September 16, 2003.  *Id.*

On July 14, 2004, Petitioner finally filed an application
for state Post-Conviction Relief (PCR) challenging the 1976
conviction.  The application was dismissed as untimely on
"[a]pproximately January 6, 2005."  Petition at 3.  While
Petitioner filed a petition for a writ of certiorari in the S.C.
Supreme Court, on April 1, 2005, Petitioner voluntarily dismissed
the petition.  Petition at 7.

Petitioner's § 2254 petition is untimely under 28 U.S.C.
§2244(d).  On April 24, 1996, the AEDPA became law and put in
place a statute of limitations for habeas petitions filed
pursuant to § 2254.  The AEDPA, in part, states:

> (d)(1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by
>> the conclusion of direct review or the expiration
>> of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an
>> application created by State action in violation
>> of the Constitution or laws of the United States
>> is removed, if the applicant was prevented from
>> filing by such State action;

(C) the date on which the constitutional right
asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by
the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D) the date on which the factual predicate of the
claim or claims presented could have been
discovered through the exercise of due diligence.

(2) The time during which a properly filed application
for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of
limitation under this subsection.

28 U.S.C. §2244(d).

Petitioner's conviction became final prior to the enactment

of the AEDPA, so Petitioner had until April 23, 1997, one year

from the enactment date of the AEDPA, to file his petition. *See*

*Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998).  However,

Petitioner did not file for state PCR until July 14, 2004, and

did not file for relief under § 2254 until September, 2007.

Under the AEDPA, Petitioner had to file a federal habeas petition

prior to April 23, 1997, unless that time was extended based on

pending state proceedings.  Properly filed state court challenges

to Petitioner's convictions could toll the time for filing for

federal habeas relief. 28 U.S.C. §2244(d)(2).  The face of the

petition, however, reveals that no state proceedings were begun

prior to 2004, so the time to file a  federal § 2254 petition

could not be extended.  In fact, according to the petition, the

time to file a federal § 2254 petition expired prior to any state

4

court proceedings being filed. Petitioner's time to file a §
2254 petition expired on April 23, 1997.

The AEDPA's statute of limitations is subject to equitable
tolling, which could, in effect, extend the final date for
filing. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Harris v.
Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The standard habeas
petition form (AO-241) requests information in question number
eighteen (18) pertaining to the timeliness of the petition. The
question states "[i]f your judgment of conviction became final
over one year ago, you must explain why the one-year statute of
limitations as contained in 28 U.S.C. § 2244(d) does not bar your
petition." The footnote to the question provides the text of §
2244(d).

Petitioner admits the limitations period for filing a § 2254
petition has expired, but argues "cause and prejudice" should
allow him to proceed. Petition at 15. Essentially, as explained
on pages 16-21 of the petition, Petitioner was unable to timely
file for state PCR, and then for federal habeas relief on his
South Carolina conviction, because his own escape from
incarceration resulted in his being held in another state. This
argument is unavailing under the doctrine of "fugitive
disentitlement."

Many state and federal courts apply the doctrine of fugitive
disentitlement until the escapee is brought back to the

5

jurisdiction from which he or she escaped.  For example, several prisoners who have escaped from prisons or jails in South Carolina in the past have asked this court to make collateral reviews of their convictions under 28 U.S.C. § 2254 even though they, by escaping and committing crimes in other jurisdictions (state and federal), have made it impossible for the courts of South Carolina to review their alleged claims, and thereby satisfy the exhaustion requirement now embedded in the federal habeas corpus statute, 28 U.S.C. § 2254(b).  *See, e.g., Fowler v. Leeke*, 509 F. Supp. 544, 545-546, (D.S.C. 1979), certificate of probable cause denied and appeal dismissed, 644 F.2d 878 (4th Cir. 1981)[Table]; and *Lanier v. United States*, 123 F.3d 945, 946 (6th Cir.1997)("Pursuant to this doctrine of fugitive disentitlement, we have dismissed the direct appeals of defendants who have fled the jurisdiction during an appeal and remained at large").

The United States Court of Appeals for the Fourth Circuit has also addressed similar issues.  See *Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143 (4th Cir.).  In *Whittlesey*, the Court, when addressing a Florida prisoner's claim that his Florida sentence would long postpone his opportunity to get to Maryland for a state proceeding to file a collateral attack upon his armed robbery conviction, pointed out that the doors of the courts of Maryland were open for the petitioner, and

6

that his inability to enter through those doors until completion

of his Florida sentence was the price he must pay for having

escaped from a Maryland prison and subsequently committing crimes

in Florida:

> Here, Whittlesey cannot expect federal courts to rescue
> him from the consequences of his escape and subsequent
> commission of crimes.
>     Whittlesey maintains that there are no state
> remedies available to him; however, this simply is not
> the case. The doors of the Maryland state courts stand
> open for him to present his complaints; that he is
> unable to enter through those doors until completion of
> his Florida sentence is the price he must pay for
> having escaped from the Maryland prison and committed
> offenses in Florida. It is his own criminal misconduct
> which has denied Maryland courts the opportunity to
> hold a hearing, develop a record, and thereby address
> his claims on the merits. We will not command the
> district court to review his habeas petition when his
> own unlawful acts have prevented the state courts from
> reviewing his claims.

*Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d at 145

(footnote omitted).

Likewise, in the case at bar Petitioner prevented himself

from exhausting his South Carolina Post-Conviction Relief and his

federal habeas remedies only through his own criminal misconduct.

His argument for tolling the limitations period is thus

unavailing, and he is out of time to file this petition.

A habeas court has discretion to *sua sponte* dismiss for

untimeliness. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655

(4th Cir. 2006) (carving out habeas corpus petitions and *in forma

pauperis* complaints as narrow circumstances to permit *sua sponte*

7

consideration of statute of limitations when defense is clear on face of petition or complaint). However before dismissing a *pro se* petition, a court is required to give notice to the petitioner that the petition will be dismissed absent sufficient explanation. *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002). While Petitioner was given a chance to explain why his petition was untimely, his argument is unavailing.

The notice attached to this Report and Recommendation informs Petitioner that he may file specific objections to this Report within ten days. Thus, Petitioner has an opportunity, by filing specific objections, to present any "facts not apparent to the court that militate against the application of the limitations bar." *McMillan v. Jarvis*, 332 F3d 244, 249 (4th Cir. 2003). In other words, Petitioner can file objections to this Report and Recommendation which explain why Petitioner did not file his § 2254 petition within the time allowed by the one-year statute of limitations. Petitioner could be entitled to equitable tolling of the statute of limitations if presenting facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). If Petitioner does not file objections to this Report and Recommendation that present facts that meet these requirements for equitable tolling, the petition should be dismissed as

8

untimely.

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed in its entirety as untimely and without service upon the respondents. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v Gammon*, 79 F3d. 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit). *The petitioner's attention is directed to the important notice on the following page.*

Robert S. Carr
United States Magistrate Judge

October 18, 2007
Charleston, SC

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).