UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Edgar Joseph Birch, FL # 068486, formerly SCDC # 085145 ) ) ) Petitioner, ) ) v. ) Warden, Okaloosa Correctional Institution) ) Respondent. ) ) | C/A No.: 2:07-cv-03206-GRA-RSC  **ORDER** (Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on October 19, 2007, and made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), D.S.C. Petitioner brought this action pursuant to 28 U.S.C. § 2254. In the Report and Recommendation, the magistrate recommended dismissing the petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). For the foregoing reasons, the Court dismisses the petition.

## **BACKGROUND**

Petitioner is currently a state prisoner incarcerated at Okaloosa Correctional Institution, Crestview, Florida. He filed the instant petition, pursuant to § 2254, challenging a conviction and sentence he received in South Carolina. On November 8, 1976, Petitioner pled guilty to a charge of armed robbery in Pickens County. (Pet. ¶ 2.) He was sentenced to twenty-one years imprisonment. (Pet. ¶ 3.) He did not file a direct appeal. (Pet. ¶ 9.)

1

Petitioner escaped from the South Carolina Department of Corrections' custody in June of 1977. Report and Recommendation, p. 2. On August 27, 1977, Petitioner was later apprehended in Pensacola, Florida and charged with armed robbery, kidnapping, and grand theft auto. (Pet., p. 15-A, ¶ 9.) A Florida court sentenced him to life in prison; however, he was paroled on June 4, 2002. (Pet., p. 15-A, ¶¶ 10-11.)

Petitioner alleges that Department of Corrections officials advised him that he had to return to South Carolina to face escape charges in Pickens County. (Pet., p. 15-A, ¶ 12.) Petitioner returned to South Carolina to face escape charges on or about June 4, 2002. (Pet., p. 15-B, ¶ 13.) According to Petitioner, it was determined that the State dropped the escape charges in 1991. (Pet., p. 15-B, ¶ 19.) Petitioner also claims that sometime thereafter, he learned that he would have to serve the twenty-one year sentence imposed in 1976. (Pet., p. 15-B, ¶ 20.)

On January 30, 2003, Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Pet., p. 15-B, ¶¶ 21-22.) The undersigned dismissed the petition for failure to exhaust state remedies. *See Birch v. Rushton*, Civ. Action No. 2:03-00286 (D.S.C. Sept. 17, 2003). He then filed his application for Post-Conviction Relief ("PCR") in Pickens County Court of Common Pleas on July 14, 2004. (Pet., 15-C, ¶¶ 25-26.) In his application for PCR, Petitioner argued that he was denied the right to have appointed counsel and denied the right to a direct appeal. (Pet., p. 15-C, ¶ 27.) The PCR Judge dismissed the case as untimely on approximately January 6, 2005. (Pet., p. 7.) On April 1, 2005, Petitioner filed a

2

petition for writ of certiorari in the South Carolina Supreme Court. (Pet., 15-C, ¶¶ 29-30.) Petitioner then alleges that a South Carolina Department of Corrections Case Worker informed Petitioner that he "owed South Carolina no time, and that Petitioner should never have been brought back to South Carolina." (Pet., p. 15-C, ¶ 30.) He claims that the Case Worker advised him to voluntarily dismiss his petition for writ of certiorari. (Pet., p. 15-D, ¶¶ 33-34.) Petitioner states that he voluntarily dismissed his petition based on this information. He returned to Florida on August 5, 2006, "under the assumption that he was finally about to be released from prison." (Pet., p. 15-D, ¶ 36.) However, on October 26, 2006, Petitioner alleges that he learned through the Florida Department of Corrections that he would have to return to South Carolina to satisfy his twenty-one year prison sentence. (Pet., p. 15-D, ¶ 36.)

On November 5, 2007, Petitioner filed the instant petition for habeas corpus relief, pursuant to § 2254. He claims that his conviction was unlawful, because his Sixth Amendment Right to Counsel was violated. Specifically, Petitioner argues that he was not represented by counsel, he did not make an intelligent or voluntary waiver of counsel, and he was denied the right to a direct appeal. (Pet., p. 6-A.) The magistrate recommended dismissing the petition as untimely, pursuant to the one-year statute of limitations imposed by the AEDPA. Report and Recommendation, p. 9.

## STANDARD OF REVIEW

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Petitioner timely filed objections to the Report and Recommendation on November 5, 2007.

## **ANALYSIS**

Petitioner's objections may be summarized into three main arguments. First, the petitioner argues that the magistrate erred in stating that Petitioner's theory for § 2254 relief is based on the fact that his guilty plea was uncounseled. He argues that this is a "fact" and not a "theory." Petr's Obj., p. 2. Next, Petitioner objects to the

4

magistrate's conclusion that the petition for habeas relief is untimely. *Id.* In support of this objection, Petitioner claims that the petition for § 2254 relief is timely, pursuant to § 2244(d)(1)(D). *Id.* Finally, Petitioner argues that he established a basis for equitable tolling. *Id.* at 7. The Court will address the objections in turn.

The Court finds that Petitioner's first argument is without merit. Petitioner objects to the magistrate's characterization of the underlying claim for habeas corpus relief as a "theory." Petitioner's claim for habeas corpus relief rests on his assertion that he "was denied his Sixth and Fourteenth Amendment right to counsel." (Pet., p. 6, ¶ 12.) Although the record illustrates that Petitioner was not represented by counsel, this is objection is still without merit, because Petitioner is procedurally barred from raising the merits of these claims before the Court.

Petitioner next objects to the magistrate's dismissal of his petition as untimely. Section 2244 mandates a one-year statute of limitations on habeas corpus petitions. Section 2244 (d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year statute of limitations is subject to equitable tolling in appropriate exceptional circumstances. *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616 (3rd Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

In the Report and Recommendation, the magistrate concluded that the petition was untimely. Since the petitioner's conviction became final prior to the enactment of the AEDPA, the magistrate noted that Petitioner had until April 23, 1997 to file a petition for writ of habeas corpus. Report and Recommendation, p. 4. In addition, the magistrate found that Petitioner was not entitled to equitable tolling because of the doctrine of "fugitive disentitlement." *Id.* at 5-7.

Petitioner disagrees with the magistrate's reasoning and argues that the petition is timely because it falls under § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that a habeas petition is timely if it is filed within one year of "the date on which the factual

predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner argues that the date he discovered the factual predicate of his claim, through the exercise of due diligence, was approximately October 26, 2006.  Petr's Obj., p. 3-5.  He explains that October 26, 2006 is the date on which he discovered that his conviction and twenty-one year prison sentence in South Carolina had not "maxed out" and that it did not run concurrent with his sentence in Florida.  *Id.* at 3-6.  However, this argument is without merit.

First, Petitioner misunderstands § 2244(d)(1)(D).  He confuses the factual predicate of his underlying claim, the alleged violations of his Sixth Amendment rights, with his discovery that the twenty-one year prison sentence in South Carolina did not run concurrent to his Florida prison sentence.  Petitioner seeks habeas corpus relief based upon the fact that he entered an uncounseled guilty plea, that he did not make an intelligent or voluntary waiver of counsel, and that he was denied his constitutional right to counsel. (Pet., p. 6-A.)  Thus, the issue, with respect to § 2244(d)(1)(D), is the date upon which Petitioner discovered, through the exercise of due diligence, that his Sixth Amendment rights were violated, not the date that he discovered he would be required to serve his twenty-one year prison sentence in South Carolina.

> The phrase "due diligence" is not defined anywhere in the AEDPA, but should be considered in light of the "totality of the circumstances" present including a petitioner's confinement in prison and any special restrictions that incarceration may impose. *Wims v. United States*, 225 F.3d 186, 190 (2nd Cir. 2000); *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000).  However, petitioners who "sleep on their rights" do not demonstrate due diligence. *See Fisher v. Johnson*, 174 F.3d 710, 715 & n. 14 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164,

7

> 121 S. Ct. 1124, 148 L.Ed.2d 991 (2001). In construing and applying this phrase, courts appear to require that the petitioner "show some kind of measure of prudence, activities or assiduity as may be properly expected from and ordinarily exercised by a reasonable and prudent person under the particular circumstances present." *Wims*, 225 F.3d at 189-91; *United States v. Zuno-Arce*, 25 F. Supp. 2d 1087, 1097-98, 1110-13 (C.D. Cal.1998), *aff'd*, 209 F.3d 1095, 1098, 1102-03 (9th Cir. 2000). The burden is on the petitioner to persuade the court that he has exercised due diligence.

*Frazier v. Rogerson*, 248 F. Supp. 2d 825, 833 (N.D. Iowa 2003). Petitioner has offered no valid reason for his failure to exercise due diligence, with respect to his underlying claims for violations of his Sixth Amendment rights. Instead, he argues that the factual predicate for the underlying claim was the date on which he discovered that the twenty-one year prison sentence in South Carolina did not run concurrent with his Florida sentence. This information is totally unrelated to the underlying claims for which Petitioner seeks habeas corpus relief.

Furthermore, Petitioner has offered no reason for his delay in discovering the factual predicate for the alleged Sixth Amendment violations. Petitioner did not file anything regarding the Sixth Amendment violations until July 14, 2004, the date on which he filed his Application for Post-Conviction Relief in South Carolina. (Pet., p. 4, ¶ 11.) That was over seven years after the April 23, 1997 deadline required by the AEDPA. Therefore, this argument must fail.

Finally, Petitioner's claim that he effectively established reasons for equitable tolling is also without merit. As previously noted, the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." *Rouse v. Lee*, 339 F.3d

8

238, 246 (4th Cir. 2003) (citation omitted).  However, "any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  Petitioner argues that the information given to him by the Florida Department of Corrections, that his South Carolina prison sentence was to run concurrently with his Florida prison sentence, constitutes "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.*  However, this argument is flawed.

Petitioner had until April 23,1997 to file his petition for federal habeas relief under the AEDPA.  The fact that he was allegedly misinformed by Department of Corrections officials, regarding the imposition of his twenty-one year sentence in South Carolina, cannot be a proper basis for equitable tolling of his petition for writ of habeas corpus to raise the Sixth Amendment claims.  If Petitioner believed his sentence was invalid, based on a violation of his Sixth Amendment rights, he should have timely filed a petition for writ of habeas corpus, regardless of whether the prison sentence was to be served concurrently or consecutively.  Therefore, Petitioner's argument, that this misinformation amounts to "extraordinary circumstances," is without merit.

Moreover, the magistrate's application of the doctrine of fugitive disentitlement further supports the basis for dismissal of the instant petition.  As the magistrate correctly noted," Petitioner prevented himself from exhausting his South Carolina Post-

Conviction Relief and his federal habeas remedies only through his own criminal misconduct.  His argument for tolling the limitations period is thus unavailable, and he is out of time to file this petition."  Report and Recommendation, p. 5; *see, e.g., Whittelsey v. Circuit Court for Baltimore County*, 897 F.2d 143 (4th Cir. 1990).  Therefore, Petitioner's objections are without merit.

## **CONCLUSION**

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus be DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December 14, 2007
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.